UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GUY PATRICK JOHNSON and VICTORIA LYNN JOHNSON, individually and as Successors-in-Interest of GUY ADAM JOHNSON,

Plaintiffs,

v.

COUNTY OF STANISLAUS, et al.,

Defendants.

No.  2:26-cv-00865-JAM

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

This matter is before the Court on Plaintiffs Guy Patrick and Victoria Lynn Johnson's motion to remand the case to Stanislaus County Superior Court.  ECF No. 8 ("Mot.").  Defendant County of Stanislaus filed an opposition (ECF No. 18 ("Opp'n")), and Plaintiffs filed a reply (ECF No. 21 ("Reply")).[1]  For the reasons detailed below, Plaintiffs' motion is granted.

Last month, Defendant removed this case to federal court pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446 because

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).

1

Plaintiffs' complaint contains a claim for relief under a federal statute, 42 U.S.C. § 1983.  ECF No. 1.  The complaint was originally filed in Stanislaus County Superior Court on February 23, 2026.  Id.  Defendant was served on March 3, 2026, and at the time Defendant filed its notice of removal here, there were no proofs of service filed on the state court docket for any other named defendants.  See Mot. at 3; Opp'n at 2; Reply at 2.  However, counsel for the parties had been in contact before Defendant filed the March 12 notice of removal, and on March 16, proofs of service were filed for named defendants Wellpath Management, Inc. and Tenet Healthcare Corporation ("Tenet Healthcare").  See Opp'n at 2.  Only one defendant has not been served, Doctors Behavior Health Center, and neither Tenet Healthcare nor Doctors Behavior Health Center have appeared in this matter.  See Docket.  Defendant Wellpath Management, Inc., however, appeared and filed a notice of consent to the removal of this action here.  ECF No. 14.

Plaintiffs timely move to remand this matter because Defendant failed to obtain consent from defendant Tenet Healthcare, as required by 28 U.S.C. § 1446, and otherwise failed to exercise reasonable diligence.  See Mot. and Reply; 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").  Defendant argues Plaintiffs' motion should be denied because the matter was removed before proofs of service were filed, and it is not required to seek consent from Tenet Healthcare because this defendant is fraudulently joined.  See Opp'n.

It is well-established that "[r]emoval statutes are strictly construed, and any doubt about the right of removal requires resolution in favor of remand.  This rule of narrow construction both recognizes the limited jurisdiction of federal courts and protect[s] the jurisdiction of state courts." Casola v. Dexcom, Inc., 98 F.4th 947, 954 (9th Cir. 2024) (citing and quoting Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) and Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005)) (internal citations and quotations omitted).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Casola, 98 F.3d at 954 (quoting Moore-Thomas, 553 F.3d at 1244) (internal quotations omitted).

In an attempt to meet its burden, Defendant relies on two district court cases from the Eastern District, claiming they "squarely address the circumstances [] here and confirm[] that removal was proper."  Opp'n at 5 (citing Destfino v. Kennedy, No. CV-F-08-1269, 2008 WL 4901195 (E.D. Cal. 2008) and Rodriguez v. County of Stanislaus, No. 1:08-cv-856, 2008 WL 4765110 (E.D. Cal. Oct. 30, 2008)).  In Destfino, a number of served defendants had not yet consented to removal at the time of the plaintiffs' motion to remand, though a number of other defendants had filed a written joinder to the removal.  2008 WL 4901195 at *3-4.  Instead of granting the motion to remand, the court granted the defendant's request for leave to file an amended joinder for all remaining, served defendants.  Id. Contrary to Defendant's representations, Destfino does not stand for the proposition that a court may excuse the unanimity

requirement of § 1446 if proofs of service were not filed at the time of removal.  Nor does Defendant request leave to seek joinder or consent from Tenet Healthcare to cure the defect in the timing of removal without unanimous consent, like the Destfino defendant did.

Turning to Rodriguez, Defendant excludes a number of other arguments and facts relevant to the court's analysis and holding, including that the parties had discussed dismissing other defendants, and the defendant's arguments that the claims against it could be separated.  See Opp'n at 6; 2008 WL 4765110 at *2-6.  Moreover, in Rodriguez, the court acknowledged a lack of authority governing the circumstances of the case and grounded its reasoning in the fact that there was a lack of evidence surrounding the service of the other defendants prior to the removal.  Id. at *3 ("[T]here is no controlling authority regarding whether or not the unserved defendant exception applies in situations such as this where at the time of removal the removing defendant did not have constructive notice of service on any other defendants due to the fact that there was no proof of service on file at the time of removal.") (internal quotations omitted).  The Court disagrees with Defendant's position that these two cases find and apply a bright-line rule that a defendant need only check a state-court docket prior to filing a notice of removal, without making any other attempts to obtain consent or joinder after learning of service of other defendants within days of its notice, in order to properly remove a case.  This is not the state of the law surrounding the application of § 1446(b)(2)(A).

Another district court case, Loewen v. McDonnell, is instructive here, as it summarized the split of authority regarding whether simply checking the docket for a proof of service constitutes due diligence sufficient to overcome the unanimity requirement.  No. 19-cv-467, 2019 WL 2364413 (N.D. Cal. June 5, 2019).  As the Loewen court explained:

> District courts vary in their findings as to "the extent of a removing defendant's duty to ascertain whether co-defendants have been served at the time the notice of removal is filed." Vargas v. Riley, No. 18-CV-00567-JST, 2018 WL 2267731, at *3 (N.D. Cal. May 17, 2018) (quoting Lewis v. HSBC Bank USA, N.A., No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *3-4 (D. Haw. Aug. 25, 2017)). "[M]any courts . . . find that diligence is lacking when removing defendants merely check the state court record for proofs of service as to co-defendants . . . . Other courts allow removing defendants to rely on the state court docket for filed proofs of services." Id.; see also Lopez v. BNSF Ry. Co., 614 F.Supp.2d 1084, 1089 (E.D. Cal. 2007) ("Defendants did not have a duty to contact Plaintiffs' counsel to investigate whether the remaining defendants were served."); Orozco v. Equifirst Corp., No. CV 08-8064 PA (CWx), 2008 WL 5412364, at *1 (C.D. Cal. Dec. 22, 2008) ("A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is

5

insufficient."); <u>Barbera v. WMC Mortg. Corp.</u>, No. C 08-02677 SBA, 2009 WL 742843, at *2 (N.D. Cal. Mar. 18, 2009) ("[T]he obligation to join all defendants is based on whether the defendant actually has been served, not on the subjective knowledge of the removing party.").

2019 WL 2364413 at *4.  Although Plaintiffs present a number of cases acknowledging that reliance on the docket, alone, is not necessarily sufficient, Defendant failed to acknowledge the split of authority and argues its actions, here, fell within well-established authority.  <u>See</u> Mot. at 5-6; Opp'n at 4-6.  At a minimum, Defendant received notice within 4 days of filing its notice of removal that defendant Tenet Healthcare had been served, yet it failed to present any information or evidence about "any meaningful efforts to obtain [their] consent" in order to demonstrate diligence outside of checking the state court docket before filing its notice of removal.  <u>Cf.</u> Reply at 4.  And, it is well-established Defendant could have cured the lack of consent defect within 30 days of removal, yet Defendant failed to obtain this consent, or even ask the Court for leave to seek consent from Tenet Healthcare like the <u>Destfino</u> defendants.  <u>See</u> <u>Loewen</u>, 2019 WL 2364413 at *5 ("The Ninth Circuit has repeatedly held that defects in removal may be cured within a 30-day period after a defendant receives notice of the complaint.").  For these reasons, the Court finds Defendant has not met its burden to excuse its lack of compliance with the mandate of § 1446(b)(2)(A).

///

Defendant's removal is also not saved by its fraudulent joinder argument.  As explained in Rodriguez:

The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action or there has been fraud in the plaintiff's pleadings of jurisdictional facts. See, e.g., Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir.1983).  However, the defendant seeking removal to federal court is "entitled to present the facts showing the joinder to be fraudulent." Richey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.1998) (citations omitted); cf. Travis v. Irby, 326 F.3d 644, 649 (5th Cir.2003) (trial judge may "pierce the pleadings" and consider summary judgment-type evidence, but contested issues of fact must be resolved in plaintiff's favor).

2008 WL 4765110 at *7.  Defendant has failed to establish "there is absolutely no possibility" that Plaintiffs could recover from Tenet Healthcare, nor did Defendant present any evidence substantiating its arguments that Tenet Healthcare is "plainly a sham defendant."  See Opp'n. Defendant has failed to meet its burden here.  Accord Rodriguez, 2008 WL 4765110 at *7-8 (finding defendants failed to meet their burden establishing fraudulent joinder when defendants made similar arguments to those presently before the Court and did not present any evidence substantiating their position).

///

7

For these reasons, Defendant has failed to establish removal was proper, and Plaintiffs' motion to remand is GRANTED.  This matter is ordered REMANDED to Stanislaus County Superior Court, and a certified copy of this remand order shall be sent to the Superior Court (case number CV-26-001921).

Given the Court's ruling on the motion to remand (ECF No. 8), the other pending motions in this case-- the motions to dismiss by Defendants Wellpath Management (ECF No. 10) and County of Stanislaus (ECF No. 15)-- are hereby DENIED as MOOT and the hearing on these motions is vacated.

IT IS SO ORDERED.

Dated: April 21, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE